**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| BENJAMIN MARTINEZ, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action |
| ) | No. 23-10285-PBS |
| Nelson Alves, ) | |
| ) | |
| Respondent. ) | |
| ) | |

## MEMORANDUM AND ORDER

September 30, 2024

Saris, D.J.

On July 25, 2024, the Magistrate Judge issued a Report and Recommendation ("R&R") denying "Petitioner's Motion to Amend Petition for Writ of Habeas Corpus and Stay Proceedings Pending State-Courts Exhaustion of New Claims" (Dkt. 48) and Petitioner's Habeas Petition (Dkt. 1).

Pro se petitioner Benjamin Martinez filed an objection to the R&R. See Dkt. 63. The Court has reviewed de novo the parts of the Magistrate Judge's recommendation to which a proper objection has been filed. See Fed. R. Civ. P. 72(b)(3). The Court rules as follows.

On March 8, 2017, a jury found Martinez guilty of murder in the first degree on the theory of extreme atrocity or cruelty. See Dkt. 13-1. The victim had suffered 32 sharp force injuries

to her face, neck, and chest. The following day, Martinez was sentenced to a term of life imprisonment without parole. Id. Martinez unsuccessfully appealed his conviction and filed multiple motions with the state court, including a "Gatekeeper Petition." See Dkt. 60 2-3; Dkt. 13-3.

Martinez now seeks relief under 28 U.S.C. § 2254, raising four grounds. He claims that his due process rights and right to present a defense were violated when (1) the trial judge excluded third-party culprit evidence; (2) the trial judge prevented him from testifying to statements made by the victim's partner before her death; (3) the trial judge failed to instruct the jury to consider intoxication when determining whether Martinez committed the crime with extreme atrocity or cruelty; and (4) the trial judge allowed a substitute medical examiner to testify based on an unavailable examiner's autopsy report in violation of the Confrontation Clause. Martinez also raises an ineffective assistance of counsel claim along with Grounds Three and Four, given his counsel's failure to raise the issues at trial.

The Court adopts the R&R's denial of the habeas petition largely for the reasons stated by the Magistrate Judge for grounds One, Two, and Three. Regarding Ground Four, the Confrontation Clause issue, more discussion is needed. The Single Justice of the Supreme Judicial Court ruled:

"A substitute medical examiner who did not perform the autopsy may offer an opinion at trial. See Commonwealth v. Reavis, 465 Mass. 875, 883 (2013). The expert may form a proper independent opinion on the cause of the victim's death by reviewing another medical examiner's autopsy report and autopsy photographs. See Commonwealth v. Leiva, 484 Mass. 766, 792 (2020). Here, aside from a few passing references to the original medical examiner's report, the substitute medical examiners testimony was primarily focused on describing his own observation of the victim's injuries as shown by the autopsy photographs, which were admitted as exhibits at trial. See Leiva, supra at 791. Moreover, because the issue at trial was whether the defendant was the killer, and not the cause of death or the brutality of the attack, the brief references to statements in the autopsy report were harmless. See Commonwealth v. Emeny, 463 Mass. 138, 146 (2012) (harmless error where hearsay in testimony of substitute medical examiner went only to cause of death, and issue not contested at trial). Thus, the claim is not "substantial" within the meaning of G. L. c. 278, § 33E.

Recent Supreme Court caselaw has called the Single Justice's reasoning into question. In June, the Supreme Court ruled that a state may not introduce testimonial, out-of-court statements of a forensic analyst at trial "through a surrogate analyst who did not participate in their creation." Smith v. Arizona, 144 S. Ct. 1785, 1802 (2024). The Supreme Court emphasized that "nothing changes if the surrogate. . . presents the out-of-court statements as the basis for his expert opinion." Id. The cases cited by the Single Justice may no longer be good law post-Smith.

Nonetheless, the Magistrate Judge reasoned that Martinez cannot establish the necessary prejudice to overcome his

procedural default. I agree. To demonstrate prejudice sufficient
to overcome a procedural default of a habeas claim, a "habeas
petitioner must show not merely that the errors at ... trial
created a possibility of prejudice, but that they worked to his
actual and substantial disadvantage, infecting his entire trial
with error of constitutional dimensions." <u>Murray v. Carrier</u>, 477
U.S. 478, 494 (1986). Here, as the Single Justice explained,
"the issue at trial was whether the defendant was the killer,
and not the cause of death or the brutality of the attack." Dkt.
13-3 at 3. Thus, "the brief references to statements in the
autopsy report were harmless." <u>Id.</u> As a result, Martinez cannot
meet the "cause and actual prejudice" standard, and his habeas
petition is denied.

**<u>ORDER</u>**

The Report and Recommendation (Dkt. 60) is **<u>ADOPTED</u>**. The
Court **<u>DENIES</u>** "Petitioner's Motion to Amend Petition for Writ of
Habeas Corpus and Stay Proceedings Pending State-Courts
Exhaustion of New Claims" (Dkt. 48) and the Petitioner's Habeas
Petition (Dkt. 1).


SO ORDERED.

/s/  PATTI B. SARIS
Patti B. Saris
United States District Judge